## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Case No. 09-50779 |
| DENNIS E. HECKER, | Chapter 7 |
| Debtor. | Hon. Robert J. Kressel |
| ALLIANCE BANK | Adv. Pro. No. 09-05038 |
| Plaintiff, | |
| v. | |
| DENNIS E. HECKER, | |
| Defendant. | |

## OBJECTION OF ALLIANCE BANK TO HECKER'S MOTION FOR STAY

### INTRODUCTION

Debtor and Defendant Dennis E. Hecker ("Hecker") moves to stay this, and all, adversary proceedings which have been commenced against him that seek a determination of nondischargeability of certain debts due to allegations that Hecker used false pretenses, made false presentations, committed fraud and inflicted a willful and malicious injury in order to obtain money. Hecker states the stay is necessary to preserve his Fifth Amendment rights and casually dismisses Plaintiff Alliance Bank's ("Alliance") interest in proceeding expeditiously with this litigation and the potential prejudice that Alliance could suffer as the result of a stay of the proceedings. But the potential prejudice

to Alliance is significant and Hecker has not shown sufficient reason why he should be entitled to the extraordinary remedy of a stay of these proceedings. Hecker's motion should be denied.

## FACTUAL BACKGROUND

On September 14, 2009, Alliance filed its adversary complaint for determination of nondischargeability of certain debts pursuant to section 523 (a) of the Bankruptcy Code. Case No. 09-50779, ECF #183.   Alliance brought claims against Hecker under 523(a)(2)(B) alleging false statements in writing and 523 (a)(6) for causing willful and malicious injury stemming from a series of loan agreements between Alliance and Hecker. *Id.*

On October 7, 2009, Hecker filed his motion for stay of this, and all, pending adversarial proceedings, "pending the termination of grand jury proceedings and any proceedings arising out of any indictment the grand jury issues." Adv. Pro. 09-05038, ECF #6.

## ARGUMENT

A stay of a civil case is an extraordinary remedy. *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523, 526 (D.N.J.1998).  And, pre-indictment stays and stays of unlimited duration and scope, all of which Hecker is seeking, are particularly rare. *See e.g. Fidelity Nat. Title Ins. Co. of New York v. National Title Resources*, 980 F.Supp. 1022 (D. Minn. 1997) ("pre-indictment requests for a stay of civil proceedings are generally denied"); *SEC v. Dresser Industries, Inc.* 628 F.2d 1368, 1376 (C.A.D.C. 1980) (when no indictment has been returned, it is a "far weaker"

argument for a stay); *Craft v. Philip Morris Companies, Inc.*, 2006 WL 744415 *10 (E.D.Mo. 2006) (indefinite stay denied because of the prejudice that Plaintiff would face).

Additionally, the party seeking the stay "must carry a heavy burden." *Microfinancial, Inc. v. Premier Holidays Intern, Inc.*, 385 F.3d 72, 77 (Ca. 1 Mass. 2004). Indeed, 'in the absence of substantial prejudice to the rights of the parties involved, [simultaneously] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence.' *Allstate Ins. Co. v. Alivio Chiropractic Clinic, Inc.*, 2008 WL 1945157, *2 (D. Minn. 2008) (quoting *Fidelity National Title Ins. Co. v. National Title Resources Corp.*, 980 F.Supp. 1022, 1024 (D. Minn. 1997).

Hecker has not and cannot meet the heavy burden demonstrating substantial prejudice that would justify such an extraordinary remedy.

## I.   THE BANKRUPTCY COURT IS NOT OBLIGATED TO STAY THE PROCEEDINGS

As Hecker acknowledges, a Bankruptcy court has "no affirmative obligation" to stay proceedings. *In re Hale*, 980 F. 2d 1176, 1179 (8th Cir. 1992). But it does have "both statutory authority...to prevent abuses of process, and common law precedent...to exercise its equitable powers." Id. (internal citations omitted).

As in *Hale*, Hecker has not provided sufficient cause to justify this Court's grant of equitable relief in the form of a complete stay of the proceedings. As courts often note, "he who seeks equity must do equity, and he who comes into equity must come with clean hands." *Gully v. Gully*, 599 N.W.2d 814, 825 (Minn. 1999) (quoting *Hruska*

*v. Chandler Assocs., Inc.*, 372 N.W.2d 709, 715 (Minn. 1985)). To grant equitable relief, a court must "weigh the benefits of providing an equitable order against the attending harm suffered by the interest against whom the order is imposed." *Id.* (citing *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1003 (4th Cir. 1986).

Here, Hecker argues that a stay is necessary to preserve his Fifth Amendment rights, but as the court observed in *Hale*, Hecker is "free to protect or further [his] interests in the bankruptcy court by choosing to testify or not" and his testimony in a criminal investigation would not "abridge[] or contradict[] previous statements or positions held by [him] in the civil proceeding." *Id.* at 1179. On the other hand, and as more fully discussed below, Alliance would unnecessarily suffer harm if it was forced to endure a stay of unknown and unlimited duration and scope.

## II.   THE MULTI-FACTOR TESTS WEIGH IN FAVOR OF DENIAL OF A STAY

It is within a court's "inherent authority to control the disposition of cases on its docket" and when "determining whether to grant a stay, the Court must weigh the competing interests of the suppliant for a stay and the litigant who wishes to pursue his or her claim." *White v. Mapco Gas Products, Inc.*, 116 F.R.D. 498, 501 (8th Cir. 1987) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

Hecker applies both a five-factor and six-factor analysis to his request for a stay. ECF #8 at 6-15. Both tests are analogous and weigh the competing interests and harms of all parties to the litigation. *See State v. Deal*, 740 N.W.2d 755, 766 (Minn. 2007)

(determination whether to stay civil discovery requires that the court "balance the interests of 'litigants, nonparties, the public and the court itself'").

The competing interests that a court considers include:

(1)   the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2)   the burden which any particular aspect of the proceedings may impose on defendants;

(3)   the convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4)   the interests of persons not parties to the civil litigation; and

(5)   the interest of the public in the pending civil and criminal litigation.

*White* at 502.

### A.   Expeditious Litigation and Potential Prejudice to Plaintiff

While Hecker concedes that "Plaintiff has a right to expeditious resolution of its claims" he suggests that here, Alliance "has no urgent need to proceed" and "faces no appreciable prejudice from the potential delay." ECF #8 at 7.   Hecker suggests that the stay "may be beneficial" to Alliance via the potential of the grand jury investigation to "reveal new issues, streamline the discovery process, or solidify the parties' settlement positions." *Id.*

But equally as possible, the stay may result in great prejudice to Alliance in light of the danger that "witnesses relocate and memories fade." *Allstate Ins. Co.* *3, (quoting

5

*Fidelity National Title Ins. Co. v. National Title Resources Corp.*, 980 F.Supp. 1022, 1024 (D. Minn. 1997).

A generalized harm from a stay is not enough to establish prejudice to Plaintiff. As Hecker argues, "Plaintiff must show some unique harm" such as "the dissipation of assets or an attempt to gain an unfair advantage from the stay." ECF #8 at 12-13 (quoting *Walsh Securities Inc. v. Cristo Property Mgmt., Ltd.*, 7 F.Supp.2d 523 (D.N.J. 1998) and *In re Adelphia Communications Securities Litigation*, 2003 WL 22358819, 4 (E.D. Pa. 2003). But that is exactly what Alliance, and indeed all of the other adversary plaintiffs, has alleged. Moreover, one need only look at the filings in Hecker's bankruptcy proceeding that assert the potential for the very same harm, as well as intentional delay and deceptions, and seek – or order - appropriate protective relief. See e.g. ECF #196, 202, and 207; *see also Kozyak v. Poindexter (In re Financial Federated Title & Trust, Inc.)*, 353 B.R. 834, 839 (Bankr. S.D. Fla. 2000) ("The longer the adversary proceeding is delayed, the less likely it is that the Trustee will be able to recover the assets that are sought.")

The potential for unique harm to Alliance as a result of a stay is substantial.

## B.     Burden on Defendant

Although Hecker argues that denial of a stay would be "exceptionally prejudicial" to him (ECF #8 at 7-8), the case law does not support his argument.

Hecker's main contention is that he would be forced to "face a classic 'Hobson's Choice' – either waive his Fifth Amendment right or face an adverse inference. ECF #8 at 8. But a "defendant has no absolute right not to be forced to choose between testifying

in a civil matter and asserting his Fifth Amendment privilege." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1994). Furthermore, "[n]ot only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences..." *Id.*

Additionally, "no indictment ha[s] been handed up" and [a]lthough the possibility of an indictment may make a defendant's position in civil litigation more precarious, the difficulty is less acute than it would be if an indictment actually existed." *Microfinancial,* at 79 (Ca. 1 Mass. 2004) (finding argument even weaker where no indication to court "when the investigation started, how long it was expected to last, or any other facts that might tend to suggest that an indictment was more than a remote possibility").

This factor does not weigh in favor of a stay.

C.    **Convenience to the Court**

In determining whether a stay is appropriate, the Court also considers the interests of "the court itself." *Deal* at 766. Hecker argues that this factor (as well as the remaining two - interest of nonparties and the public) has "limited applicability to this Court's inquiry." ECF #8 at 9. Nonetheless, he believes these factors "support" his position. To the contrary however, neither this factor, nor the remaining two, weighs in his favor and the convenience to the court is a factor "deserving of substantial weight." *Microfinancial* at 79.

Judicial efficiency will be enhanced by the prompt resolution of this adversary proceeding. *See Kozyak* at 839 ("the interests of the Court, as well as the public interest

7

in administering the estate and compensating creditors, can only be served by resolving this Adversary Proceeding, including any discovery issues which may arise, as efficiently and expeditiously as possible"). And 'a policy of issuing stays "solely because a litigant is defending simultaneous lawsuits would threaten to become a constant source of delay and an interference with judicial administration."' *In re Who's Who Worldwide Registry, Inc.,* 197 B.R. 193 (Bankr. E.D.N.Y. 1996).

An open-ended stay of this and the other adversary proceedings would impact on the Court's ability to efficiently conclude the bankruptcy proceeding and may hinder the Trustee's ability to recover assets. As such, this factor does not favor a stay.

### D.   Interests of Non-parties

As noted above, Hecker considers this inapplicable, but in his favor, arguing that a stay "will not affect the right of creditors not party to this Adversary Proceeding" but "could impede the United States' criminal investigation. ECF #8 at 9. Hecker's argument is pure speculation and unsupported by case law. Further, if the government believed a stay was necessary "to prevent possibility of prejudice to its investigation" or for other reasons, it can intervene and ask this Court for a stay. *See Ashworth v. Albers Medical Inc.,* 229 F.R.D. 527, 532 (S.D. W. Va. 2005). It has not. This factor does not favor a stay.

### E.   Public Interest

Again, although Hecker argues "the public has no real interest in this Adversary Proceeding" there is a strong public interest as evidenced by the extensive media coverage. *See Powell v. Superior Court,* 232 Cal.App.3d 785, 790 n.2 (1991) (regarding

judicial notice of media coverage). Hecker contends however that the public has "a very real interest in the resolution of the criminal investigation." ECF #8 at 10. In support, he cites *Ashworth*. But in *Ashworth*, it was the government that intervened and sought the stay, not the defendant. That is not the case here.

The public interest is "significant" in seeing that financial institutions "promptly recover[] misappropriated funds...particularly when weighed against the interest in a merely conjectural criminal prosecution." *Sterling Nat. Bank v. A-1 Hotels Intern., Inc.*, 175 F. Supp. 2d 573, 580 (S.D.N.Y. 2001).

This factor, like the other four factors, does not support Hecker's request for a stay.

## CONCLUSION

Because Hecker has not and cannot meet his heavy burden to justify the extraordinary remedy of a stay of these proceedings, Alliance respectfully requests that his motion for stay be denied.

Dated: October 16, 2009            GREENE ESPEL, P.L.L.P.


                                   ____/s/Kathleen K. Statler_____
                                   Larry D. Espel, Reg. No. 27595
                                   Kathleen K. Statler, Reg. No. 161809
                                   200 S. Sixth Street, Suite 1200
                                   Minneapolis, MN 55402
                                   lespel@greeneespel.com
                                   kstatler@greeneespel.com
                                   (612) 373-0830

                                   Attorneys for Alliance Bank