UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER                                        Case No. 09-50779-RJK

    Debtor.                                             Chapter 7

_____

ALLIANCE BANK,                                          ADV Pro. No. 09-05038

    Plaintiff,

vs.

DENNIS E. HECKER,

    Defendant.
_____
## ANSWER
_____

    Defendant Dennis E. Hecker ("Hecker" or "Defendant") for his Answer to the Complaint of the above named Plaintiff states and alleges upon knowledge with respect to his own acts, and upon information and belief with respect to all other matters, as follows:

### Introduction

    Alliance Bank comes before this Court alleging fraud, intentional wrongdoing and malicious injury without a legitimate factual or legal basis to do so. Alliance Bank fails to disclose the long-term, close personal relationship between its owner V. Philip Reim and Mr. Hecker. Mr. Rein knew at all relevant times the following material facts: 1) that Mr. Hecker had substantial extensions of credit outstanding to other lenders; and 2) that Mr. Hecker had provided his personal guaranty to other lenders. Both of these

1

facts were disclosed before Alliance Bank ever entered into any relationship with Mr. Hecker and his entities. Alliance Bank had access at all times to Mr. Hecker's contingent liability information and the unhindered ability to conduct its own due diligence with respect to all other financial disclosures provided.

1. Defendant denies each and every allegation, matter or thing contained in Plaintiff's Complaint unless otherwise specifically admitted or answered herein.

2. Defendant admits the allegations found in paragraphs 1 and 2.

3. In response to the allegations contained in paragraphs 3, 4 and 5, Defendant is not required to admit or deny legal conclusions and, therefore, denies the same and puts Plaintiff to its burden of proof thereof.

4. In response to the allegations contained in paragraph 6, Defendant is unable to admit or deny the general allegations contained therein and, therefore, denies the same and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that due to his close personal relationship with V. Philip Reim, the owner of Alliance Bank, he was provided with extensions of credit, and that oftentimes his financial information was requested after the preliminary approval.

5. In response to the allegations contained in paragraph 7, Defendant states that the referenced financial statements speak for themselves. Defendant affirmatively alleges that said financial statements were prepared by certified public accountants, and were to the best of his knowledge and information properly prepared, and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared.

6. Defendant denies the allegations contained in paragraph 8 and puts

Plaintiff to its strict burden of proof thereof.

7.  In response to the allegations contained in paragraph 9, Defendant states that the referenced financial statement from September 30, 2003 clearly showed Mr. Hecker's outstanding indebtedness and to whom it was owed. Defendant affirmatively states that at all relevant times Plaintiff had access to his accountants and was provided an unhindered ability to conduct its own due diligence.

8.  Defendant denies the allegations contained in paragraphs 10, 11, and 12, and puts Plaintiff to its strict burden of proof thereof. Defendant incorporates those allegations found in the introductory paragraph wherein Mr. Reim was told up-front of the outstanding personal guarantees by Defendant. Plaintiff was never "induced" to do anything as it relates to Defendant and his businesses.

9.  In response to the allegations contained in paragraphs 13, 14 and 15, Defendant is unable to admit or deny whether or not Plaintiff relied upon his personal financial statement based on his ongoing, long-term close personal relationship with Mr. Reim and the fact that he and Mr. Reim had separate business transactions together outside of Alliance Bank. Therefore, Defendant denies said allegations and puts Plaintiff to its strict burden of proof thereof.

10. In response to the allegations contained in paragraphs 16, 17, and 18, Defendant states that the referenced agreements speak for themselves and to the extent said allegations contradict the same, denies the same, and puts Plaintiff to its burden of proof thereof.

11. In response to the allegations contained in paragraphs 19, 20, 21, 22, 23, and 24, Defendant states that the referenced agreements speak for themselves and to the

extent said allegations contradict the same, denies the same, and puts Plaintiff to its burden of proof thereof. Defendant affirmatively alleges that the referenced transaction involved a mortgage on real property wherein Plaintiff obtained its own independent appraisal, and that there was sufficient equity in the real property to cover the indebtedness extended by Plaintiff at the time the loan was made.

12. In response to the allegations contained in paragraph 25, Defendant qualifiedly admits the same and states that the renewal was done automatically by Plaintiff.

13. In response to the allegations contained in paragraphs 26, 27, 28 and 29 Defendant states that the referenced agreements speak for themselves and to the extent said allegations contradict the same, denies the same, and puts Plaintiff to its burden of proof thereof. Defendant affirmatively alleges that the guaranty he provided to Plaintiff was back up collateral and that the loan made was based on the loan to value of the subject real estate. The entity that signed the loan was servicing the debt, not Defendant personally.

14. In response to the allegations contained in paragraph 30, Defendant qualifiedly admits the same and states that the renewal was done automatically by Plaintiff.

15. In response to the allegations contained in paragraph 31, Defendant states that the referenced personal financial statement was prepared by his accountants and to the best of his knowledge and information, said statement accurately reflected his net worth at the time.

16. Defendant denies the allegations contained in paragraphs 32, 33 and 34,

and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared. Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations. Additionally, Plaintiff also had outstanding personal guarantees for its extensions of credit.

17. Defendant is unable to admit or deny the allegations contained in paragraphs 34, 35, 36, and 37 and therefore denies the same and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that Plaintiff automatically provided renewals.

18. In response to the allegations contained in paragraphs 38, 39, 40 and 41, Defendant states that the referenced agreements speak for themselves and to the extent said allegations contradict the same, denies the same and puts Plaintiff to its burden of proof thereof.

19. In response to the allegations contained in paragraphs 42 and 43, Defendant states that the referenced agreements speak for themselves and to the extent said allegations contradict the same, denies the same, and puts Plaintiff to its burden of proof thereof.

20. Defendant is unable to admit or deny the allegations contained in paragraph44 and, therefore, denies at the same and puts Plaintiff to its strict burden of proof thereof.

21. In response to the allegations contained in paragraph 45, Defendant states that the referenced personal financial statement was prepared by his accountants and to the best of his knowledge and information, said statement accurately reflected his net worth at the time.

22. Defendant denies the allegations contained in paragraphs 46, 47 and 48, and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared. Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations. Additionally, Plaintiff also had outstanding personal guarantees for its extensions of credit.

23. Defendant is unable to admit or deny the allegations contained in paragraphs 49, 50, 51, and 52 and, therefore, denies the same and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that Plaintiff automatically provided renewals and that the collateral secured the debt at issue.

24. In response to the allegations contained in paragraph 53, Defendant states that the referenced personal financial statement was prepared by his accountants and to the best of his knowledge and information, said statement accurately reflected his net worth at the time.

25. Defendant denies the allegations contained in paragraphs 54, 55 and 56, and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges

that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared. Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations. Additionally, Plaintiff also had outstanding personal guarantees for its extensions of credit.

26. Defendant is unable to admit or deny the allegations contained in paragraphs 57, 58 and 59, and, therefore, denies the same and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that Plaintiff automatically provided renewals and that the collateral secured the debt at issue.

27. In response to the allegations contained in paragraphs 60, 61, 62, 63 and 64, Defendant states that the referenced agreements speak for themselves and to the extent said allegations contradict the same, denies the same and puts Plaintiff to its burden of proof thereof.

28. In response to the allegations contained in paragraphs 65, 66, 67, 68 and 69, Defendant states that the referenced agreements speak for themselves and to the extent said allegations contradict the same, denies the same and puts Plaintiff to its burden of proof thereof.

29. Defendant is unable to admit or deny the allegations contained in paragraph 70, and, therefore, denies the same and puts Plaintiff to its burden of proof thereof.

30. Defendant is unable to admit or deny the allegations contained in

paragraph 71, and, therefore, denies the same and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that Plaintiff automatically provided renewals and that the collateral secured the debt at issue.

31. In response to the allegations contained in paragraph 72, Defendant states that the referenced personal financial statement was prepared by his accountants and to the best of his knowledge and information, said statement accurately reflected his net worth at the time.

32. Defendant denies the allegations contained in paragraphs 73, 74, and 75, and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared. Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations. Additionally, Plaintiff also had outstanding personal guarantees for its extensions of credit.

33. Defendant is unable to admit or deny the allegations contained in paragraphs 76, 77, 78 and 79, and, therefore, denies the same and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that Plaintiff automatically provided renewals and that the collateral secured the debt at issue.

34. In response to the allegations contained in paragraph 80, Defendant states that the referenced letter speaks for itself and to the extent said allegations differ or contradict said letter, he denies the same, and puts Plaintiff to its strict burden of proof

8

thereof. Defendant affirmatively alleges that Mr. Reim, the owner of Alliance Bank, was at all times fully apprised of the financial circumstances of Mr. Hecker.

35. Defendant denies the allegations contained in paragraphs 81 and 83, and puts Plaintiff to its strict burden of proof. Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared. Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations. Additionally, Plaintiff also had outstanding personal guarantees for its extensions of credit.

36. In response to the allegations contained in paragraph 82, Defendant states that the referenced personal financial statement was prepared by his accountants and to the best of his knowledge and information, said statement accurately reflected his net worth at the time.

37. Defendant denies the allegations contained in paragraphs 84 and 85, and put Plaintiff to its strict burden of proof thereof. Defendant incorporates by reference all prior affirmative allegations.

38. Defendant is unable to admit or deny the allegations contained in paragraphs 86, 87, and 88, and, therefore, denies the same and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that Plaintiff automatically provided renewals and that the collateral secured the debt at issue.

39. In response to the allegations contained in paragraphs 89, 90, and 91,

Defendant states that the referenced agreements speak for themselves and to the extent said allegations contradict the same, denies the same and puts Plaintiff to its burden of proof thereof. Defendant affirmatively alleges that this referenced loan did not involve any new monies, but was instead related to a pre-existing extension of credit and that the Plaintiff (not Defendant) was requesting that the loan documents be changed and the underlying transaction restructured.

40. In response to the allegations contained in paragraph 92, Defendant denies the same, and puts Plaintiff to its strict burden of proof thereof. As of this time period, Plaintiff was fully aware that Defendant was in default of certain loan obligations, but nonetheless went ahead with the renewals. Again, it was not at "Hecker's request" but instead that of Plaintiff.

41. In response to paragraph 93, Defendant restates and realleges all prior paragraphs herein.

42. In response to the allegations contained in paragraph 94, Defendant is not required to admit or deny legal conclusions, and therefore denies the same and puts Plaintiff to its strict burden of proof thereof.

43. In response to the allegations contained in paragraph 95, Defendant qualifiedly admits that he routinely provided requested financial statements to Plaintiff on an annual basis, which were all prepared by his accountants.

44. Defendant denies the allegations contained in paragraphs 96 and 97, and puts Plaintiff to its strict burden of proof thereof.

45. In response to the legal conclusions contained in paragraphs 98, 99 and 100, Defendant is not required to admit or deny the same, and therefore denies the same

and puts Plaintiff to its strict burden of proof thereof.

46. In response to paragraph 101, Defendant restates and realleges all prior paragraphs herein.

47. In response to the legal conclusions contained in paragraph 102, Defendant is not required to admit or deny the same, and therefore denies the same and puts Plaintiff to its strict burden of proof thereof.

48. Defendant denies the allegations contained in paragraphs 103, 104 and 105, and puts Plaintiff to its strict burden of proof thereof.

49. In response to the legal conclusions contained in paragraph 106, Defendant is not required to admit or deny the same, and therefore denies the same and puts Plaintiff to its strict burden of proof thereof.

## **AFFIRMATIVE DEFENSES**

WHEREFORE**,** Defendant incorporates by reference all prior paragraphs herein and affirmatively alleges the following additional affirmative defenses:

1. Plaintiff's Complaint fails to sate a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred in whole or part, by the equitable doctrine of estoppel, waiver, and laches.

3. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

4. Plaintiff's Complaint is barred, in whole or part, by the doctrines of assumption of risk and / or contributory negligence.

5. Plaintiff's Complaint is barred, in whole or part, by its failure to properly plead with the requisite specificity the alleged fraud and other alleged intentional

wrongdoing, as required by F.R.C.P. 9(b).

6. Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared. Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations.

7. Plaintiff's Complaint is barred, in whole or part, by its own knowledge and information conveyed by Defendant relative to his finances and business operations during the relevant time period.

8. Plaintiff's Complaint is barred, in whole or part, by payment and /or the value of collateral securing payment that was obtained by Plaintiff, which should be credited against all amounts due and owing.

9. Plaintiff's Complaint is barred, in whole or part, by the failure of consideration.

10. Plaintiff's Complaint is barred, in whole or part, by the Statute of Frauds.

11. Plaintiff's Complaint is barred, in whole or part, by the doctrine of *in pari delicto.*

12. Defendant reserves the right to interpose additional affirmative defenses as discovery is undertaken in this matter.

WHEREFORE, Defendant Dennis E. Hecker prays that Plaintiff's Complaint be dismissed with prejudice and on the merits, and that Defendant be awarded his attorney's

fees and costs incurred in defending this action. Hecker further prays that he be provided with a detailed accounting from Plaintiff.

                          **SKOLNICK & SHIFF, P.A.**

Dated: November 12, 2009        /e/ LuAnn M. Petricka
William R. Skolnick #137182
LuAnn M. Petricka #18505X
527 Marquette Avenue South, #2100
Minneapolis, MN 55402
(612) 677-7600
**wskolnick@skolnick-shiff.com**
**petricka@visi.com**

**ATTORNEYS FOR DEFENDANT**
**DENNIS E. HECKER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker                                                        BKY No. 09-50779 RJK

            Debtor.

Alliance Bank,

            Plaintiff,

v.                                                                      Adversary No. 09-05038

Dennis E. Hecker,

            Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 12, 2009, I caused the following **ANSWER** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following listed below:

| | |
|---|---|
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Clinton E. Cutler | ccutler@fredlaw.com, mdavis@fredlaw.com |
| Randall L. Seaver | rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com |
| Nicholas N. Nierengarten | Nicholas N. Nierengarten nicholas.nierengarten@gpmlaw.com |
| Linda M. Berreau | lberreau@losgs.com |
| Kathleen K. Statler | kstatler@gr-espel.com |
| Larry D. Espel | lespel@greeneespel.com |

    I also caused a copy of the **ANSWER** to be sent directly via U.S. Mail, postage paid to the following listed below:

| | |
|---|---|
| Michael B. Lubic | Michael M. Malter |
| Sonnenschein Nath & Rosenthal, LLC | Binder & Malter LLP |
| 601 South Figueroa Street, Suite 2500 | 2775 Park Avenue |
| Los Angeles, CA 90017 | Santa Clara, CA 95050 |

Dated: November 12, 2009        **SKOLNICK & SHIFF, P.A.**

<u>/e/ William R. Skolnick</u>
William R. Skolnick #137182
LuAnn M. Petricka #18505X
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
**ATTORNEY FOR DENNIS E. HECKER**